FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0585

DA 13-0585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 169N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARK JOSEPH CHUTE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-331
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Nicholas Domitrovich, Koan
Mercer, Assistant Appellate Defenders, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Kristen H. Pabst, Missoula County Attorney, Jennifer Clark, Deputy County
Attorney, Missoula, Montana

Submitted on Briefs:  April 29, 2015
Decided:  June 23, 2015

Filed:

                                                    
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant Mark Joseph Chute appeals from his conviction in the Fourth Judicial District Court, Missoula County, on one count of partner or family member assault (PFMA), in violation of § 45-5-206, MCA. The dispositive issue on appeal is whether the District Court erred by denying Chute an opportunity during trial to inquire into his spouse's pending driving under the influence (DUI) charge on cross-examination. We affirm.

¶3     On April 9, 2013, a jury found Chute guilty of misdemeanor PFMA stemming from a physical altercation between Chute and his then wife Rose Chute in July 2012. The jury acquitted Chute of three other related counts. The District Court sentenced Chute to a six month deferred imposition of sentence, with additional terms and conditions.

¶4     Prior to trial, the State filed a motion in limine to prohibit the introduction of evidence relating to Rose's alleged alcohol use, including any reference to Rose's pending DUI charge, which arose several months after the alleged altercation.[1] Chute argued that Rose's pending DUI charge would be probative of her credibility and demonstrate that Rose had an incentive to fabricate her version of the altercation in order to receive favorable treatment from the State on her unrelated DUI charge. The District Court granted the State's motion in

2

part; however it allowed Chute to inquire into Rose's purported alcoholism and intoxication during the alleged altercation.

¶5    Chute asserts that the District Court violated his constitutional right to confront an adverse witness, by denying him "wide latitude" in his cross-examination of Rose. We reiterate that the "Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *State v. Wagner*, 2013 MT 47, ¶ 37, 369 Mont. 139, 296 P.3d 1142 (internal citation and quotation marks omitted) (emphasis in original). As such, trial judges "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on [] cross-examination . . . ." *Wagner*, ¶ 37 (quoting *State v. Wilson*, 2007 MT 327, ¶ 45, 340 Mont. 191, 172 P.3d 1264).

¶6    As the record establishes, Chute was presented with an opportunity to effectively cross-examine Rose during the trial. Chute was permitted to challenge Rose's credibility and highlight her potential biases, by addressing during cross-examination inconsistent statements she made during the investigation, her alcohol use, the couple's subsequent divorce proceedings, and her recent inheritance. Under these circumstances, we review for an abuse of discretion. *See Wagner*, ¶ 38 (defendant given an opportunity to cross-examine the witness and "did in fact cross-examine the witness during the trial. Therefore, the issue is not constitutional in nature but evidentiary"); *see also State v. Skinner*, 2007 MT 175, ¶ 31,

---

[1]  Although the record does not specify the date, it is undisputed that Rose was charged with DUI several months after the July 2012 altercation and approximately two or three months prior to the April 3, 2013 pre-trial hearing.

338 Mont. 197, 163 P.3d 399 ("issue is not constitutional in nature but evidentiary, which we review for an abuse of discretion").

¶7 We conclude that the District Court did not abuse its discretion in utilizing its wide latitude in limiting Chute's cross-examination of Rose regarding an irrelevant DUI charge that occurred several months after the alleged altercation. We further note that Chute fails to provide any indication that Rose received leniency from the State.

## CONCLUSION

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The issue in this case is one of judicial discretion and there clearly was not an abuse of discretion. For the reasons set forth, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

4